FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TRAVIS C.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No: 1:18-CV-03178-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 14, 15. Plaintiff brings this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner of Social Security's final decision, which denied his application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401-434, and his application for Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §1381-1383F. *See* Administrative Record (AR) at 1-2, 27. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I. Jurisdiction

Plaintiff filed his applications for Disability Insurance Benefits and Supplemental Security Income on February 6, 2015. *See* AR 15, 82. In both applications, Plaintiff's initial alleged onset date of disability was September 1, 2012.[1] AR 15, 82, 219, 226. Plaintiff's applications were initially denied on May 29, 2015, AR 138-51, and on reconsideration on August 18, 2015. AR 153-66. Plaintiff then filed a request for a hearing on October 1, 2015. AR 168-69.

Administrative Law Judge ("ALJ") Eric Basse held a hearing on March 10, 2017. AR 36-79. On September 13, 2017, the ALJ issued a decision concluding that Plaintiff was not disabled as defined in the Act and was therefore ineligible for disability benefits or supplemental security income. AR 15-27. On August 13, 2018, the Appeals Council denied Plaintiff's request for review, AR 1-6, thus making the ALJ's ruling the final decision of the Commissioner. *See* 20 C.F.R. § 404.981.

On September 17, 2018, Plaintiff timely filed the present action challenging the denial of benefits. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

---

[1] Plaintiff later amended his alleged onset date to November 1, 2015. AR 15, 61.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are so severe that the claimant is not only unable to do his or her previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572, 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571, 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether one of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Even if the evidence in the record is susceptible to more than one rational interpretation, if inferences reasonably drawn from the record support the ALJ's decision, then the

court must uphold that decision. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 39 years old on the amended alleged date of onset, which the regulations define as a younger individual. AR 25; *see* 20 C.F.R. § 404.1563. He completed high school and can communicate in English. AR 25, 40, 598. His work history consists primarily of running a deli and working in a retail meat department. AR 274, 598.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act at any time from November 1, 2015 (the amended alleged onset date) through September 13, 2017 (the date the ALJ issued his decision). AR 27.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 18.

**At step two**, the ALJ found Plaintiff had the following severe impairments: obesity, history of hernias, osteoarthritis, fibromyalgia syndrome by report, major depressive disorder, and posttraumatic stress disorder. *Id.*

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, Appendix 1. AR 18-19.

**At step four**, the ALJ found that Plaintiff had the residual functional capacity to perform light exertion work. AR 19. However, the ALJ found that Plaintiff had a number of additional limitations, which included: he could lift and or carry 20 pounds occasionally and 10 pounds occasionally[2]; he could stand and or walk 2 hours in an 8-hour workday; he could sit 8 hours in an 8-hour workday with normal customary work breaks; he could occasionally climb ramps and stairs; he was limited to no climbing of ladders, ropes, or scaffolds; he could occasionally balance and kneel; he was limited to no crouching, stooping, and crawling; he was limited to frequent handling with the bilateral upper extremities; he was limited to no concentrated exposure to hazards; he was limited to simple, routine tasks and well-learned familiar detailed tasks; he could persist with customary breaks during the workday; he could keep to a schedule and maintain regular attendance; and he could complete a normal workweek without special accommodation. AR 19.

---

[2] Though the decision states "lift and or carry 20 pounds occasionally and 10 pounds occasionally," based on the statutory definition of light work at 20 C.F.R. § 404.1567(b) and the hypothetical posed by the ALJ at the hearing (AR 73), it is presumed the ALJ intended to state "10 pounds *frequently*."

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

The ALJ determined Plaintiff was unable to perform his past relevant work as a meat clerk, stock clerk, food service manager, and cook. AR 25.

**At step five**, the ALJ found that in light of Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that he could perform. AR 25. These included production solderer, electrical accessories assembler, touchup screener, cutter and paster, and table worker. AR 26.

## VI.   Issues for Review

Plaintiff argues that the Commissioner's decision contains legal error and is not supported by substantial evidence. Specifically, he argues the ALJ: (1) made ambiguous step 2 findings regarding fibromyalgia and failed to account for fibromyalgia in subsequent steps; (2) improperly rejected medical opinion evidence and gave undue weight to the non-examining state agency doctors; (3) failed to follow agency rules regarding the evaluation of obesity; (4) erred in rejecting Plaintiff's symptom testimony; and (5) made improper step 5 findings. ECF No. 14 at 1-2.

## VII.   Discussion

**A.   The ALJ did not err in the evaluation of Plaintiff's fibromyalgia**

Plaintiff argues the ALJ made ambiguous step two findings when he indicated Plaintiff's fibromyalgia was "by report," and argues the ALJ erred in

failing to account for fibromyalgia in the subsequent findings, as required by Social Security Ruling 12-2p. ECF No. 14 at 5-8.

At step two in the five-step sequential evaluation for Social Security cases, the ALJ must determine whether a claimant has a medically severe impairment or combination of impairments. An impairment is found to be not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28). Step two is generally "a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005).

In making this argument, Plaintiff asserts the ALJ erred in finding "fibromyalgia by report," and engages in an extensive discussion of the evidence supporting the diagnosis. ECF No. 14 at 5-7. The Court finds no error, as the ALJ included fibromyalgia as a severe impairment. Plaintiff's assertion that the ALJ failed to make mention of fibromyalgia at the subsequent steps of the evaluation process fails to identify any error with specificity. The ALJ discussed the treatment records and the opinion evidence. Plaintiff does not identify any credited limitation associated with fibromyalgia that was not considered by the ALJ and incorporated into the RFC. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th

Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). The ALJ's findings regarding fibromyalgia are legally sufficient.

**B.     The ALJ did not err in weighing the medical opinion evidence**

Plaintiff argues the ALJ erred in rejecting opinions from Plaintiff's treating rheumatologist, Dr. Byrd, the psychological consultative examiner, Dr. Sawyer, and Plaintiff's treating counselor, Ms. Damstedt, and asserts the ALJ gave undue weight to the non-examining opinions from the state agency doctors. ECF No. 14 at 8-15.

Social Security's regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (non-examining physicians). *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001); *see* 20 C.F.R. § 404.1527(c)(1)-(2). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining physician's. *Holohan*, 246 F.3d at 1202. The regulations also acknowledge "other sources," such as counselors and nurse practitioners. 20 C.F.R. 404.1527(f).

### 1. The ALJ offered sufficient reasons for rejecting treating rheumatologist Dr. James Byrd.

If a treating doctor's opinion is contradicted by another doctor's opinion—as Dr. Byrd's is—an ALJ may only reject it by providing "specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ satisfies the "specific and legitimate" standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal quotation marks omitted).

Plaintiff's treating rheumatologist, Dr. James Byrd, completed a one-page medical source statement on January 23, 2017, in which he checked a box indicating he did not believe Plaintiff was capable of performing "any type of work on a reasonably continuous sustained basis." AR 914.

The ALJ assigned little weight to Dr. Byrd's opinion, noting Dr. Byrd cited no objective evidence and offered no explanation to support his opinion. AR 24. The ALJ further found Dr. Byrd's opinion to be inconsistent with his own exam findings and inconsistent with the overall medical evidence of record. *Id.* An ALJ may appropriately consider the amount of explanation a medical source provides for a stated opinion, and that opinion's consistency with the source's records and the record as a whole. 20 C.F.R. § 404.1527(c)(3)-(4). Dr. Byrd provided no

explanation for his opinion that Plaintiff was not capable of performing any level of work, and did not even complete the box on the form asking him to specify what Plaintiff's primary diagnosis was. AR 914. The ALJ also reasonably discussed the medical evidence throughout the decision, noting normal or mild objective findings that were inconsistent with Dr. Byrd's unexplained conclusion that Plaintiff was incapable of performing work at any exertional level. The ALJ offered sufficient specific and legitimate reasons for discounting this opinion.

### 2. The ALJ adequately explained his rejection of examining psychologist Greg Sawyer, PhD.

As with treating physician opinions, an ALJ may discount the contradicted opinion of an examining doctor by identifying "specific and legitimate reasons" for the rejection. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

Plaintiff attended a consultative psychological exam with Dr. Sawyer on May 15, 2015. AR 595. Dr. Sawyer concluded Plaintiff's diagnoses included major depressive disorder, currently in partial remission secondary to medication, and PTSD. AR 600. He opined Plaintiff would have difficulty in a number of work-related functional areas, including: performing detailed and complex tasks; accepting instructions; understanding, carrying out, and remembering complex and one or two-step instructions; performing work activities on a consistent basis without special or additional instructions; sustaining concentration and persisting

in work-related activity at a reasonable pace; and dealing with the usual stresses encountered in the workplace. AR 601-02. Dr. Sawyer thought Plaintiff would not have difficulty managing funds, performing simple and repetitive tasks, maintaining effective social interactions in the workplace, maintaining regular attendance, and completing a normal workweek without interruptions. AR 601.

The ALJ gave this opinion partial weight, noting it to be partially consistent with the record, but finding the opinion regarding difficulty with instructions and sustained concentration and persistence to be inconsistent with the evidence. AR 23-24. The consistency of an opinion with the record as a whole is a specific and legitimate factor for the ALJ to consider. 20 C.F.R. § 404.1527(c)(4). While the discussion does not specify the inconsistencies he found, the ALJ's discussion of the mental health records notes multiple normal or mild objective exam findings with good attention span, and he noted Plaintiff's improvement in his mental health symptoms after starting treatment in 2016. AR 22-23. Even when an agency "explains its decision with 'less than ideal clarity,'" we must uphold it "if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F. 3d 1104, 1121 (9th Cir. 2012) (quoting *Alaska Dep't of Envtl. Conservation v. EPA,* 540 U.S. 461, 497 (2004)). Read as a whole, the ALJ's decision identifies evidence that is inconsistent with Dr. Sawyer's conclusions. The ALJ therefore offered adequate rationale for his decision to give the opinion only partial weight.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13

### 3. The ALJ did not err in giving only some weight to Plaintiff's counselor Suzanne Damstedt.

Importantly, the "specific and legitimate" standard discussed above only applies to evidence from "acceptable medical sources." *Molina*, 674 F.3d at 1111. "Other sources" for opinions—such as nurse practitioners, physician's assistants, therapists, teachers, social workers, chiropractors, and other nonmedical sources—are not entitled to the same deference as acceptable medical sources. *Id.*; *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016); *see* 20 C.F.R. § 404.1527(f). An ALJ may discount a non-acceptable medical source's opinion by providing reasons "germane" to each witness for doing so. *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

On January 26, 2017, Plaintiff's treating counselor, Ms. Damstedt, completed a medical source statement regarding Plaintiff's mental capabilities. AR 950-52. She found him to be unlimited in most work-related areas of functioning, but found him moderately limited in working in coordination with or proximity to others without being distracted by them; in completing a normal workday or workweek without interruptions from psychologically-based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; and in getting along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR 951.

The ALJ gave this opinion some weight, but noted the treatment notes showed progressive improvement in symptoms and overall mental health stability. AR 24. The consistency of an opinion with the record as a whole, including the progression of a condition and response to treatment, is a germane factor for an ALJ to consider in weighing evidence. 20 C.F.R. 404.1527(f). The Court finds the ALJ's conclusion is reasonable and supported by substantial evidence. He therefore offered a germane reason for discounting the assessed limits.

### 4. The ALJ did not improperly rely on the state agency doctors.

Plaintiff asserts the ALJ erred in relying on and giving significant weight to the opinions from the state agency doctors, as their opinions were offered prior to submission of the majority of the records, with doctors being unaware of Plaintiff's fibromyalgia diagnosis, treatment for mental health, and repeated hospitalizations for his hernias. ECF No. 14 at 14-15.

Plaintiff fails to assert any specific legal error with respect to this point. The ALJ reviewed the record and all opinions, and found the state agency opinions to be consistent with the records from the time they were completed, but based on subsequent records, found additional limitations to be warranted. AR 24. An opinion offered early in the process can continue to be accurate even with the addition of more evidence. Plaintiff has not identified any specific portion of the state agency opinions that is unreliable; he simply argues for an alternative

weighing of the factors that contribute to an opinion's reliability. The ALJ adequately explained his analysis with respect to the state agency opinions.

**C.     The ALJ did not err in the evaluation of Plaintiff's obesity**

Social Security Ruling 02-1p[3] provides guidance on the evaluation of obesity in disability claims. The ruling makes clear that obesity must be considered at each step of the sequential process, including its potential to complicate other conditions of the cardiovascular, respiratory, and musculoskeletal systems, along with mental health. SSR 02-1p.

Plaintiff argues the ALJ failed to abide by this ruling in making the step four and five evaluations, and argues the decision does not indicate whether or to what extent the ALJ considered the effects of obesity. ECF No. 14 at 15-17.

Plaintiff fails to identify any legal error. The ALJ found obesity to be a severe impairment, considered SSR 02-1p at step three, and discussed Plaintiff's morbid obesity throughout the discussion of the medical evidence. AR 18, 20-23. Plaintiff does not identify any credited limitation relating to obesity that the ALJ did not account for in the RFC. The ALJ appropriately considered the impact of obesity.

**D.     The ALJ did not improperly reject Plaintiff's subjective complaints**

---

[3] This ruling has recently been rescinded by the Agency, but was in effect at the time of the ALJ's decision.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16**

Plaintiff argues the ALJ erred by discounting the credibility of his testimony regarding his subjective symptoms. ECF No. 14 at 17-18. Specifically, he argues that the normal objective findings identified by the ALJ do not reflect on the severity of his fibromyalgia and obesity, and he asserts the ALJ made no mention of Plaintiff's multiple surgeries and reoccurring hernias. *Id.*

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering "specific, clear, and convincing reasons" for doing so. *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273,

1284 (9th Cir. 1996). While it may not constitute the sole reason for discounting subjective complaints, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce some degree of the symptoms Plaintiff alleged. AR 20. However, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. *Id.* Specifically, the ALJ found Plaintiff's physical complaints exceeded the objective medical evidence of record, his mental health conditions improved with medication and objective findings were largely mild or normal, he reportedly stopped working due to a lay off rather than his medical problems, and his documented daily activities exceeded his testimony. These are all relevant factors for an ALJ to consider in assessing the reliability of a claimant's subjective reports.

Plaintiff offers no challenge to the majority of the reasons given by the ALJ. Plaintiff primarily reasserts his arguments regarding fibromyalgia and obesity, arguing for an alternative interpretation of the medical evidence. He has failed to demonstrate that the ALJ's interpretation of the record was wrong. "If the evidence can reasonably support either affirming or reversing a decision, we may not

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 18

substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotes and citation omitted). When an ALJ presents a reasonable interpretation that is supported by substantial evidence, as here, it is not the Court's role to second-guess it.

E.  **The ALJ did not Err at Step Five**

Plaintiff argues that the vocational expert's testimony carries no evidentiary value due to the ALJ's rejection of the above-discussed medical evidence and Plaintiff's own testimony. ECF No. 14 at 18-19. As the Court found no error above, the ALJ's findings are upheld. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

# VIII.  Order

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED.**
2.  Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED.**

///

///

///

///

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this 6th day of November 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20**